UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNY D. CRONIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV1736 HEA |
| | ) |
| CAROLYN W. COLVIN[1] | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's Applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

When Plaintiff appeared to testify at the hearing he was 49 years old. He has asserted that the onset date of his disability is February 1, 2008. Plaintiff has had self-training as a dump truck driver and carpenter. The last time he worked as a dump truck driver was 2007. The ALJ found Plaintiff had the impairments of: stroke residuals, diabetes, and esophageal ulcer.

During the October 25, 2010, hearing Plaintiff , who has an eleventh grade education, appeared with counsel and testified that he lives in a residence with his 70 year old mother. He furthered testified that he takes his medication faithfully and has done so over the last ten years or so. he does not drink anymore and that the last time he imbibed was about eight months prior to the hearing date. Plaintiff testified that he awakes around 8:00 a.m., takes his medication and watches television. He tries to help his mother with household duties but does not get very far because he is weak on the left side. Plaintiff gave testimony that he can sit for 30 minutes, stand for 15 minutes, can walk short distances and can lift a gallon of milk and place it in the refrigerator.

The 70 year old mother of the Plaintiff also testified. In large part she gave testimony in support of her son, the Plaintiff, and that he had slurred speech.

A vocational expert, Ms. Gonzalez, also testified. The VE testified, in relation to an onset date of February 1, 2008, and in response to a hypothetical that

Plaintiff could not perform his past relevant work as it was all either medium heavy or very heavy. The VE also concluded from the hypothetical question that Plaintiff's residual functional capacity allowed him to perform light work except that the work most accommodate a speech impairment as his speech is understandable but requires additional effort on his part.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, et seq., and XVI of the Act, 42 U.S.C. § 1381, et seq., was denied on January 5, 2011 resulting from a hearing conducted on October 25, 2010. On or about March 7, 2011, Cronin timely filed a Request for Review of Hearing Decision. On July 26, 2012, the Appeals Council denied his Request for Review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611.

At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant

disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); McCoy, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ's Decision**

In the application of the five-step analysis, the ALJ in this case determined at Step One, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since February 1, 2008. The ALJ found at Step Two that Plaintiff has severe impairments including stroke residuals, diabetes and esophageal ulcer.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing.

Prior to Step Four, the ALJ determined the RFC of Plaintiff to be as follows: to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that the work must accommodate a speech impairment: his speech is understandable but he must employ additional effort to produce words.

The ALJ found that Plaintiff "lacks credibility," and further stated that the record "does not show a need for treatment other than medication, such as a cane." (Tr.14).

At Step Four, the ALJ found he was unable to perform any past relevant work.

At Step Five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in his Applications.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue,* 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v.Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ erred in determining the RFC by improperly evaluating the treatment records, and by failing to include sufficient limitations arising from Plaintiff's conditions including additional sitting, standing and walking limitations, use of a cane, and mental limitations arising out of his stroke; (2) the ALJ erred in assessing credibility by making insufficient findings and by failing to follow the applicable cases and regulations.

**The ALJ erred in assessing credibility by making insufficient findings and by failing to follow the applicable cases and regulations.**

The ALJ in this case was bound under the law to properly consider the objective medical evidence, medical opinion evidence, Plaintiff's treatment and response to treatment, his daily activities, and other evidence reflecting his credibility. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) "The ALJ was not required to discuss methodically each *Polaski* consideration, so long as he

acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfe, l* 226 F.3d 969, 972 (8th Cir. 2000), citing *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir.1996). The objective medical evidence failed to demonstrate a disabling condition and did not support Plaintiff's subjective complaints. The bulk of the medical evidence reflects a period of time prior to Plaintiff's amended date of disability onset. (Tr. 476-955). That evidence indicates that Plaintiff's diabetes was not controlled, but indicates that the lack of control was primarily due to Plaintiff's noncompliance (Tr. 536, 543, 739, 749, 805, 807). It is also noteworthy that prison records indicate Plaintiff believed he would qualify for a medical parole if his diabetes was uncontrolled (Tr. 534). During the period at issue, Plaintiff's diabetic condition improved after his release from prison, but the record reflects he continued having difficulties with compliance (Tr. 971, 982-84, 991-98, 1169-1182). Plaintiff's noncompliance with treatment was properly considered as one credibility factor. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

The ALJ properly noted that medical evidence from Volunteers in Medicine for the period from 2008 to 2010 reflected complaints of left-side weakness, but no examination was conducted to assess the degree of weakness, and slurred speech was documented on only one occasion; and treatment notes were otherwise unremarkable except for abnormal blood sugar levels on occasion, which was

9

usually due to noncompliance with diabetic regimen (Tr. 971, 982-84, 991-98, 1169-1182). A lack of supporting objective medical evidence may be used as one factor in evaluating Plaintiff's credibility. *See Curran-Kicksey v. Barnhart*, 315 F.3d 964, 968 (8th Cir. 2003). A claimant's statement about pain or other symptoms does not, by itself, establish disability. See 20 C.F.R. §§ 404.1529 and 416.929 (2013). There must be medical signs and laboratory findings showing a medical impairment which could reasonably be expected to produce the symptoms alleged and which, when considered with all of the other evidence, would lead to the conclusion that the claimant is disabled. *Id*.

There are other inconsistencies with the claimed disability in the record which also reflected poorly on Plaintiff's credibility as noted by the ALJ. Plaintiff's activities of daily living show that he prepared meals, watched television, went grocery shopping, and had a girlfriend (Tr. 219-220). Plaintiff alleged that he could not drive due to vision and motor skill difficulties, but the record shows that he lost his driver's license for leaving the scene of an accident and subsequently had it reinstated, without restrictions (Tr. 220, 1038, 1040, 1065). There is no medical evidence that a cane was medically necessary. 859). The evidence since his amended date of disability onset failed to show that a cane was medically necessary. Vocational rehabilitation records also show that he walked with a limp, but there is no indication that he required a cane (Tr. 1042, 1047). The record also

showed that Plaintiff sought work during his alleged period of disability (Tr. 27, 33-34, 37-38, 1032-1165). Plaintiff's search for work while alleging disability contradicts his claim for disability. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994); *see also Salts v. Sullivan*, 958 F.2d. 840, 846 n.8 (8th Cir. 1992).

Because the ALJ articulated the inconsistencies on which she relied in discrediting Plaintiff's testimony regarding his subjective complaints, and because the credibility finding is supported by substantial evidence on the record as a whole, the ALJ's credibility finding will be affirmed. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). The ALJ may discount claimants' complaints if there are inconsistencies in the record as a whole, and "[w]e will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (internal quotation omitted).

**The ALJ erred in determining the RFC by improperly evaluating the treatment records, and by failing to include sufficient limitations arising from Plaintiff's conditions including additional sitting, standing and walking limitations, use of a cane, and mental limitations arising out of his stroke.**

Plaintiff claims that the ALJ's residual functional capacity finding (RFC) was improper and failed to include sufficient limitations arising from his conditions, including additional sitting, standing, and walking limitations; his use of a cane;

and mental limitations resulting from his stroke. Plaintiff's Brief p. 15. The ALJ bears "the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). It is the responsibility of the ALJ to determine Plaintiff's RFC based on all of the relevant evidence including medical records, observations of treating physicians and others, and Plaintiff's own description of his limitations. See 20 C.F.R. §§ 404.1545, 404.1546, 416.945, and 416.946 (2013). The ALJ in this case discussed the evidence of record and properly accounted for all of Plaintiff's credible limitations in her RFC finding.

Based upon a review of the entire record, the ALJ found that Plaintiff maintained the RFC to perform light work as defined in the Commissioners regulations, with the additional limitation that work performed must accommodate a speech impairment in that his speech is understandable, but he must employ additional efforts to produce words (Tr. 12). The evidence supports the ALJ's RFC finding. Light work involves lifting 10 pounds frequently and 20 pounds maximum and a good deal of standing or walking or, when the job involves primarily sitting, pushing and pulling or arm or leg controls is involved. See 20 C.F.R. §§404.1567 and 416.967 (2013). The vocational rehabilitation records, in considering his left side weakness and speech difficulties, showed Plaintiff should pursue a hands-on light exertional level job (Tr. 1034, 1052, 1059). Performance

12

during onsite work assessments was consistent with the ability to perform light exertional work (Tr. 1075-1103). His ability to lift, carry, push, pull, and stand was "good" and he had no vision difficulties (Tr. 1075-76, 1085, 1095-96). Additionally, he did not use an assistive device for walking (Tr. 1077). The record also shows that Plaintiff's strengths included his basic reading comprehension, attention to detail, work speed with hands-on tasks, and an ability to complete tasks (Tr. 1061-62). Furthermore, the results of a functional abilities assessment reflected abilities consistent with light work (Tr. 1105-1115). Plaintiff also had a valid driver's license with no restrictions (Tr. 1065). The record also shows that Plaintiff's criminal history, was considered his most "significant barrier" to obtaining employment (Tr. 1036, 1037, 1039).

Plaintiff claims that the ALJ failed to adequately weigh the opinion of Arnold Brody, M.D. A treating physician's opinion is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory tests and is not inconsistent with the other substantial evidence of record. See 20 C.F.R. §§ 404.1527 and 416.927 (2013); *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000). The ALJ properly granted "some " weight to Dr. Brody's opinion (Tr. 13). There is no objective medical evidence supporting Dr. Brody's opinion as to substantial limitations. Dr.

Brody's opinion was also inconsistent with Plaintiff's actual performance during testing and worksite assessments (Tr. 1075-1115).

Plaintiff has an unsupported belief that the ALJ was obligated to order a consultative mental functioning exam. The ALJ was under no such obligation. It was Plaintiff's burden to prove disability by providing evidence showing that he is disabled. See 20 C.F.R. §§404.1512, 416.912 (2013). He failed to do so. The ALJ was not obligated to order a consultative examination, particularly in light of existing evidence demonstrating Plaintiff's mental functioning in work-type settings.

Based upon his review of the entire record, as discussed above, the ALJ properly determined that Plaintiff's subjective complaints lacked credibility and formulated an RFC finding which was supported by the evidence of record. The ALJ presented a hypothetical question to a qualified vocational expert at the administrative hearing based upon the RFC finding (Tr. 41). In response, the vocational expert testified that there were unskilled light exertional jobs existing in significant numbers in the national economy that the individual could perform, such as mail clerk, hand presser, and cleaner (Tr. 42). A hypothetical question is properly formulated if it sets forth impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

Discredited complaints are properly excluded from a hypothetical question so long as the ALJ had reason to discredit them. See *Tucker v. Barnhart*, 363 F.3d 781, 784 (8th Cir. 2004). The expert's testimony that Plaintiff could perform work existing in significant numbers in the national economy constitutes substantial evidence in support of the ALJ's determination. See *Miller v. Shalala*, 8 F.3d 611, 613-14 (8th Cir. 1993); *Andres v. Bowen*, 870 F.2d 453, 455-56 (8th Cir. 1989).

The ALJ's findings were clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding his limitations, the treatment notes regarding his impairments, the medical opinions in the record, and the ALJ's specific credibility findings. The ALJ applied the proper standard to the facts and the determination of Plaintiff's RFC and his ability to perform his past relevant work is supported by the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of

Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 18th day of February , 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE